[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2011
JOHN LEY
CLERK

No. 10-14180
Non-Argument Calendar
_____

D.C. Docket No. 7:10-cr-00002-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOROTEO VARGAS-HUERTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 23, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Doroteo Vargas-Huerta appeals his 120-month above-Guidelines sentence,

imposed after he pleaded guilty to one count of reentry of a deported alien, in

violation of 8 U.S.C. § 1326(a)(2), (b)(2). He challenges the reasonableness of his sentence, which we review under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

Vargas-Huerta argues that his sentence is procedurally unreasonable because the district court did not offer an adequate explanation for his sentence. We disagree—here, the court's explanation of its reasons for varying upward was sufficiently justified to support the degree of the variance. *See United States v. Irey*, 612 F.3d 1160, 1186–87 (11th Cir. 2010) (en banc), *cert. denied*, 2011 WL 1225730 (2011). It expressly stated that it considered the advisory Sentencing Guidelines and each of the § 3553(a) factors in determining Vargas-Huerta's sentence, which was sufficient to demonstrate that it in fact did so. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). The court discussed the need to promote respect for the law and to punish for repeated violations of the law, as well as Vargas-Huerta's history and characteristics, referencing both his criminal history and his family issues. In its "Statement of Reasons," the district court set forth specific justifications for the above-Guidelines sentence, based upon the § 3553(a) factors. Finally, the district court considered Vargas-Huerta's mitigation arguments. The district court properly calculated the Guidelines range, treated the Guidelines as advisory, and based the

sentence on the undisputed facts set forth in the presentence investigation report, and as a result, Vargas-Huerta's sentence was procedurally reasonable.

Vargas-Huerta's sentence was also substantively reasonable. His sentence was appropriate to promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Moreover, his sentence was well below the 20-year statutory maximum penalty. *See United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (holding that the sentence was reasonable in part because it was well below the statutory maximum). Although Vargas-Huerta argues that his family circumstances were a mitigating factor, the district court did not abuse its discretion in giving other factors, including his criminal history, more weight. *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam). In the end, the district court did not abuse its discretion in concluding that a sentence above the Guidelines range was necessary to comply with the purposes of § 3553(a). Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**